UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARMAINE MCCULLOUGH<br>18104 West Road<br>Cleveland, Ohio 44121<br><br>and<br><br>SAMANTHA YOUNG<br>3326 W. 126th Street<br>Cleveland, OH 44111<br><br>on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>LP INSURANCE SERVICES, LLC<br>D/B/A LOAN PROTECTOR<br>INSURANCE SERVICES<br>c/o Statutory Agent Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>and<br><br>WILLIS TOWERS WATSON MIDWEST INC. F/K/A WILLIS OF OHIO INC. d/b/a LOAN PROTECTOR INSURANCE SERVICES<br>c/o Statutory Agent Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFFS' COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now come Plaintiffs, Charmaine McCullough and Samantha Young, by and through counsel, and for a Complaint against Defendants LP Insurance Services, LLC d/b/a Loan Protector

Insurance Services and Willis Towers Watson Midwest Inc. f/k/a Willis Of Ohio Inc. d/b/a Loan Protector Insurance Services (collectively "Loan Protector"), state and allege the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiffs as a result of Defendants' practices and policies of not paying its non-exempt employees, including Plaintiffs and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiffs were citizens of the United States and residents of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e) and R.C. 4111.03(D)(3).

7. Defendant Willis Towers Watson Midwest Inc. f/k/a Willis of Ohio Inc. is a corporation for profit organized and existing under the laws of the State of Ohio, operated under the fictitious name Loan Protector Insurance Services, and was located at 6000 Cochran Road, Solon, Ohio 44139.

8. Defendant LP Insurance Services, LLC d/b/a Loan Protector Insurance Services is a limited liability company organized and existing under the laws of the State of Ohio, operates under the fictitious name Loan Protector Insurance Services, and is located at 6000 Cochran Road, Solon, Ohio 44139.

9. At times relevant herein, Defendants conducted business in Cuyahoga County, Ohio.

10. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

11. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

15. Defendants provide insurance services and operate a call center in Solon, Ohio.

16. In 2018, LP Insurance Services, LLC purchased Loan Protector Insurance Services

3

from Willis Towers Waston and continued operations in the same location.

17. Plaintiff McCullough was employed by Defendant LP Insurance Services LLC d/b/a Loan Protector Insurance Services between July 9, 2018 and February 2019.

18. Plaintiff Young was employed by Defendant Willis Towers Watson between November 2017 and January 2018.

19. Plaintiffs and other similarly-situated employees were employed as Call Center Associates.

20. Plaintiff and other similarly-situated employees were non-exempt employees under the FLSA.

21. Plaintiffs and other similarly-situated employees were paid an hourly and/or salary wage.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

22. Plaintiffs and other similarly-situated employees were required by Defendants to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendants' computer systems, numerous software applications, and phone system.

23. Defendants arbitrarily failed to count this work performed by Plaintiffs and other similarly-situated employees as "hours worked."

24. Plaintiffs and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

25. This unpaid work performed by Plaintiffs and other similarly-situated employees was practically ascertainable to Defendants.

26. There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly-situated employees. It could have been precisely recorded for payroll

4

purposes simply by allowing them to clock in and be paid before they brought up Defendants' computer systems, applications, and phone system.

27. This unpaid work performed by Plaintiffs and other similarly-situated employees constituted a part of their principal activities, was required by Defendants, and was performed for Defendant's benefit.

28. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiffs and other similarly-situated employees, such as their customer service work. They could not perform their customer service work without bringing up Defendants' computer systems, applications, and phone system.

**(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Phone System)**

29. Plaintiffs and other similarly-situated employees were required by Defendants to perform unpaid work after their shift ended each day including but not limited to finishing calls that went past their shift time, shutting down and logging out of Defendants' computer systems, numerous software applications, and phone system.

30. Defendants arbitrarily failed to count this work performed by Plaintiffs and other similarly-situated employees as "hours worked."

31. Plaintiffs and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

32. This unpaid work performed by Plaintiffs and other similarly-situated employees was practically ascertainable to Defendants.

33. There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after completing their call and shutting down

5

Defendants' computer systems, applications, and phone system.

34. This unpaid work performed by Plaintiffs and other similarly-situated employees constituted a part of their principal activities, was required by Defendants, and was performed for Defendant's benefit.

35. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiffs and other similarly-situated employees, such as their customer service work.

**(Failure to Pay Overtime Compensation)**

36. As a result of Plaintiffs and other similarly-situated employees not being paid for all hours worked, Plaintiffs and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

37. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

38. Defendants failed to make, keep and preserve records of the unpaid work performed by Plaintiffs and other similarly-situated employees before clocking in each day.

39. The amount of time Plaintiffs and other similarly-situated employees spent on their required and unpaid work before clocking in and after clocking out amounted to approximately 15 to 20 minutes when Defendants' computer systems were working properly.

**COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiffs bring Count One of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

41. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current Call Center Associates employed by LP Insurance Services LLC and/or Willis Towers Watson d/b/a Loan Protector Insurance Services in Solon, Ohio at any time between February 14, 2016 and the present.

42. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

43. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

44. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

45. Plaintiffs bring Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of the class ("the Ohio Class") defined as:

> All former and current Call Center Associates employed by LP Insurance Services LLC and/or Willis Towers Watson d/b/a Loan Protector Insurance Services in Solon, Ohio at any time between

February 14, 2016 and the present.

46. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

47. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendants failed to pay overtime compensation to its Call Center Associates for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiffs and other members of the class for Defendants' violation of R.C. 4111.03 and 4111.10.

48. The claims of the named Plaintiffs are typical of the claims of other members of the Ohio Class. Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of the other Ohio Class members.

49. The named Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

50. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

52. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

53. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

54. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed after the end of their shift each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

55. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

56. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees violated the FLSA, 29 C.F.R. 516.2(a)(7).

57. By engaging in the above-mentioned conduct, Defendants willfully, knowingly

and/or recklessly violated the provisions of the FLSA.

58. As a result of Defendants' practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

59. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

60. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before clocking in each day violated the OMFWSA, R.C. 4111.03.

61. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed after their shift ended violated the OMFWSA, R.C. 4111.03.

62. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03.

63. By failing to pay Plaintiffs and other similarly-situated employees' overtime compensation, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

64. As a result of Defendants' practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

    A.    Issue an order permitting this litigation to proceed as a collective action;

    B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    C.    Award Plaintiffs and the class they represent actual damages for unpaid wages;

    D.    Award Plaintiffs and the class they represent liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class;

    E.    Award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate;

    F.    Award Plaintiffs and the class they represent attorneys' fees, costs, and disbursements; and

    G.    Award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all eligible claims and issues.

                                              /s/ Lori M. Griffin
                                              One of the Attorneys for Plaintiffs