UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARMAINE MCCULLOUGH and SAMANTHA YOUNG, on behalf of themselves and all others similarly situated, </br></br>Plaintiffs,</br></br>vs.</br></br>LP INSURANCE SERVICES, LLC D/B/A LOAN PROTECTOR INSURANCE SERVICES, *et al.*,</br></br>Defendants. | CASE NO. 1:19-cv-00345</br></br>JUDGE SARA LIOI</br></br></br></br>**ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Chastity L. Christy, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, the Agreement and its Exhibits, the proposed Notice, the proposed Consent and Release Form, the proposed allocation and calculation of Individual Payments, the proposed Service Award to the Representative Plaintiffs, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, on behalf of non-exempt employees of Defendants LP Insurance Services LLC ("LP") and/or Willis Towers Watson d/b/a Loan Protector Insurance Services ("Willis") (collectively "Defendants").

2. On February 14, 2019, Representative Plaintiffs Charmaine McCullough and Samantha Young filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendants unlawfully failed to pay its hourly, non-exempt call center associates, including Plaintiffs, for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.  (Doc. No. 1.)  Specifically, Plaintiffs alleged that Defendants required them to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendants' computer systems, numerous software applications, and phone system, resulting in lost overtime compensation.  (*Id.*)

3. Between May 2019 and October 2019, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiffs' claims and Defendants' defenses to such claims.  This included the calculations of Plaintiffs', the Existing Opt-In Party Plaintiffs', and the Eligible Settlement Participants' alleged overtime damages.

4. The Parties engaged in extensive legal discussion and correspondence, which included numerous and lengthy discussions and written communications.

5. Between July 26, 2019 and January 17, 2020, the Parties engaged in extensive settlement negotiations.  The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

6. The Settlement will cover Representative Plaintiffs, the Existing Opt-In Party Plaintiffs, and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Class Members").

7. To receive an Individual Payment, the Eligible Settlement Participants must sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement. The Eligible Settlement Participants may return Consent and Release Forms to Class Counsel within thirty (30) days after the mailing of the notice. The Consent and Release Forms must be signed and postmarked, faxed or emailed to Class Counsel within the thirty (30) day period to be timely.

8. The Settlement Agreement provides that, in consideration of the Total Eligible Settlement Payment, the claims of the Representative Plaintiffs, Existing Opt-In Party Plaintiffs, and Eligible Settlement Participants who elect to participate in the Settlement by signing and returning Consent and Release Forms are to be dismissed with prejudice.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiffs, Existing Opt-In Party Plaintiffs, and Eligible Settlement Participants. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

10. The Court approves the Agreement and its Exhibits, including the proposed Notice and the proposed Consent Form, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiffs, Existing Opt-In Plaintiffs, and all Eligible Settlement Participants who elect to participate in the Settlement by signing and returning a Consent and Release Form.

11. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Existing Opt-In Party Plaintiffs and the Eligible Settlement Participants, and the Individual Payments for the Class Members. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

12. The Court approves the Class Representative Payments to Representative Plaintiffs in recognition of their service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

13. The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

14. The Court dismisses the claims of the Representative Plaintiffs, Existing Opt-In Party Plaintiffs, and Eligible Settlement Participants who sign and return Consent and Release Forms with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

15. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and distribution process.

**SO ORDERED:**

Date: February 25, 2020

Honorable Sara Lioi
United States District Judge

**SO STIPULATED:**

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

*Attorneys for Plaintiffs*

/s/ Carl F. Muller
Carl F. Muller
Christine M. Snyder
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, Ohio 44113
carl.muller@tuckerellis.com
christine.snyder@tuckerellis.com

*Attorneys for Defendant
LP Insurance Services, LLC*

/s/ David K. Montgomery
David K. Montgomery
Jamie M. Goetz-Anderson
Jackson Lewis P.C.
PNC Center, 26th Floor
201 East 5th Street
Cincinnati, Ohio 45202
david.montgomery@jacksonlewis.com
jamie.goetz-anderson@jacksonlewis.com

Robert J. Bowes
Jackson Lewis P.C.

5

        Park Center Plaza I, Suite 400
        6100 Oak Tree Blvd.
        Cleveland, Ohio 44131
        robert.bowes@jacksonlewis.com

        *Attorneys for Defendant*
        *Willis Towers Watson Midwest, Inc.*